IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NOVARTIS VACCINES AND DIAGNOSTICS, INC. and NOVO NORDISK A/S<br><br>Plaintiffs,<br><br>v.<br><br>BAYER HEALTHCARE, LLC, BAYER AG, and CSL BEHRING LLC<br><br>Defendants. | CASE NO. 2-08CV-068<br>JURY TRIAL REQUESTED |

## COMPLAINT AGAINST BAYER HEALTHCARE, LLC, BAYER AG, AND CSL BEHRING LLC

Plaintiff Novartis Vaccines and Diagnostics, Inc. ("Novartis") and Novo Nordisk A/S ("Novo") (collectively, "Plaintiffs"), file this Complaint against Bayer Healthcare LLC, Bayer AG, and CSL Behring LLC (collectively, "Defendants") for infringement of U.S. Patent No. 7,138,505 ("the '505 Patent") under 35 U.S.C. § 271. A copy of the '505 Patent is attached as Exhibit A.

### PARTIES

1. Plaintiff Novartis is a corporation, organized under the laws of the State of Delaware. Novartis maintains its principal place of business at 4560 Horton Street, Emeryville, California 94608-2916.

2. Plaintiff Novo is a corporation, organized under Danish law. Novo maintains its corporate headquarters at Novo Allé 2880 Bagsværd, Denmark.

3. Upon information and belief, Defendant Bayer Healthcare, LLC is a Delaware limited liability company, with its principal place of business at 511 Benedict Ave., Tarrytown New York 10591-5097. Bayer Healthcare, LLC manufactures for sale and/or sells a treatment for Hemophilia under the trade name Kogenate® to consumers in the United States and, more particularly, in the Eastern District of Texas.

4. Upon information and belief, Defendant Bayer AG is a German corporation, with its principal place of business at Baywerk, Gebäude W11, Kaiser-Wilhelm-Allee, 51368 Leverkusen, Germany. At least in part for its own benefit, Bayer AG directed, authorized, assisted, cooperated with, or participated in the acts of Bayer Healthcare LLC set forth below. Bayer AG and Bayer Healthcare LLC will be collectively referred to as "Bayer."

5. Upon information and belief, Defendant CSL Behring LLC ("CSL") is a Delaware limited liability company, with its principal place of business at 1020 First Avenue, P.O. Box 61501, King of Prussia, Pennsylvania 19406-0901. CSL sells a treatment for Hemophilia under the trade name Helixate® to consumers in the United States and, more particularly, in the Eastern District of Texas.

**JURISDICTION AND VENUE**

6. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §1338(a).

7. This Court has personal jurisdiction over Defendants. Defendants have conducted and do conduct business within the State of Texas. Defendants, directly or through intermediaries (including distributors, retailers, pharmacists, doctors, and others), ship, distribute, offer for sale, sell, and advertise their products in the United States, the State of Texas, and the

Eastern District of Texas. Defendants have purposefully and voluntarily placed one or more of their infringing products into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas. These infringing products have been and continue to be purchased by consumers in the Eastern District of Texas. Defendants have committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

8.      Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391 and 1400(b).

## INFRINGEMENT OF U.S. PATENT NO. 7,138,505

9.      Plaintiffs refer to and incorporate herein the allegations of Paragraphs 1-8 above.

10.     United States Patent No. 7,138,505 ("the '505 Patent"), entitled "Factor VIII:C Nucleic Acid Molecules," was duly and legally issued by the United States Patent and Trademark Office on November 21, 2006, after a full and fair examination. Plaintiffs are the assignee of all rights, title, and interest in and to the '505 Patent and possess all rights of recovery under the '505 Patent.

11.     Defendants manufacture, use, offer to sell and/or sell recombinant antihemophilic Factor VIII, known generally under the trade names Kogenate® and Helixate®, for use in the treatment of patients with Hemophilia.

12.     By virtue of the foregoing, Defendants are infringing one or more claims of the '505 Patent under 35 U.S.C. § 271 by performing, without authority, one or more of the following acts: (a) making, using, offering to sell, and/or selling within the United States the invention of one or more claims of the '505 Patent; (b) inducing infringement of one or more

3

claims of the '505 Patent; and/or (c) contributing to the infringement of one or more claims of the '505 Patent.

13. Defendants are also infringing one or more claims of the '505 Patent under 35 U.S.C. § 271(f) by supplying or causing to be supplied from the United States all or a substantial portion of the components of the patented invention, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

14. Defendants have knowledge of the '505 Patent, and have not ceased their infringing activities. Defendants' infringement of the '505 Patent has been and continues to be willful and deliberate.

15. As a result of Defendants' acts of infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

Plaintiffs pray for the following relief:

A. A judgment that Defendants have infringed the '505 Patent directly and/or indirectly by way of contributing to and/or inducing infringement of the '505 Patent, as alleged herein;

B. A judgment and order requiring Defendants to pay Plaintiffs' damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284;

C. A judgment and order requiring Defendants to pay Plaintiffs' pre-judgment and post-judgment interest on the damages awarded;

D.  A judgment and order finding this to be an exceptional case and requiring Defendants to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

F.  Such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands that all issues be determined by jury.

DATED: February 15, 2008

Respectfully submitted,
**McKOOL SMITH, P.C.**

*/s/ Sam Baxter*

Sam Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Kristi Thomas
Texas State Bar No. 24027909
kthomas@mckoolsmith.com
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9001
Telecopier: (903) 923-9099

John F. Garvish
Texas State Bar No. 24043681
jgarvish@mckoolsmith.com
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**ATTORNEYS FOR PLAINTIFFS NOVARTIS VACCINES AND DIAGNOSTICS, INC. and NOVO NORDISK A/S**